## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

DERRICK DUNNICAN,             )        **Case No. 1:08-CV-1294**

                                )            **(1:06-CR-0594)**

        Petitioner,           )

                                )

        v.                      )

                                )

UNITED STATES OF AMERICA,    )        **JUDGE ANN ALDRICH**

                                )

        Respondent.        )

                                )

                                )        **MEMORANDUM AND ORDER**

                                )

Before the court is *pro se* petitioner Derrick Dunnican's ("Dunnican") motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 [Docket No. 1082], and the defendant United States of America's (the "government") motion to dismiss for lack of jurisdiction [Docket No. 1085].  For the following reasons, the court dismisses Dunnican's motion for relief without prejudice.

## I. Background

On December 20, 2006, Dunnican and several others were charged in a ninety-five count indictment in the Northern District of Ohio, Eastern Division.  Count 1 of the indictment charged Dunnican and several others with conspiracy to distribute 40 grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack") in violation of 21 U.S.C. § 846.  Count 68 charged Dunnican with distribution of 4.5 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C).  Count 69 charged Dunnican with distribution of 19.8 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B).

On March 30, 2007, pursuant to a plea agreement, Dunnican entered a guilty plea to Count 1 of the indictment.  On February 21, 2008, this court accepted Dunnican's guilty plea as to Count

1 and sentenced him to the enhanced mandatory minimum of 120 months in prison, followed by eight years of supervised release.  Counts 68 and 69 were dismissed by government motion, as stipulated in the plea agreement.

Dunnican filed for a direct appeal on March 3, 2008 [Docket No. 1012].  On April 2, 2008, the Sixth Circuit acknowledged receipt of Dunnican's notice of appeal [Docket No. 1040].  Thereafter, on May 28, 2008, Dunnican filed this motion to vacate conviction and/or correct sentence pursuant to 28 U.S.C. § 2255, alleging that he did not knowingly and voluntarily enter into the plea agreement and that the plea agreement and Dunnican's resulting sentence were the result of ineffective assistance of counsel.

## II.  Legal Discussion

Section 2255 of Title 28 of the United States Code provides that a prisoner who was sentenced by a federal court may file a motion in the "court which imposed the sentence to vacate, set aside, or correct the sentence."  *Hill v. United States*, 368 U.S. 424, 426 (1962).  One is entitled to relief under that section if he or she can show: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence "is otherwise subject to collateral attack."  *Id.*  In order to prevail on such a motion, the petitioner must demonstrate the grounds for relief by a preponderance of the evidence.  *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

The Sixth Circuit has held that a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable.  *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007).  The court in *Acosta*, however, emphasized the difference between claims that

-2-

collaterally attack a conviction or sentence from those that go to the validity of the guilty plea. *Id.* Waivers pursuant to a plea agreement are not enforceable when the defendant successfully argues that his plea was not knowing or voluntary or was the product of ineffective assistance of counsel. *Id.*

Nonetheless, in order for the district court to decide the merits of a petitioner's allegations, the district court must have jurisdiction. When a defendant files a notice of appeal, a district court is divested of jurisdiction over the action because such jurisdiction has been transfered to the appellate court. *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981). However, the district court "retains jurisdiction to proceed with matters that are in aid of the appeal." *Id.* Thus, when Dunnican filed his notice of appeal, he divested this court of jurisdiction. Since Dunnican has not yet filed his appellate brief, this court has no way of knowing what issues will be before the Sixth Circuit and whether the resolution of this motion would in anyway aid in the Sixth Circuit's determinations.

Furthermore, even if this court had jurisdiction, it would be forced to deny Dunnican's motion as premature. Courts in this circuit have held that "[t]he orderly administration of justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending, unless there are existing extraordinary circumstances that warrant consideration of the defendant's § 2255 motion during the pendency of the direct appeal." *See Davis v. United States*, No. 1:08-CV-206, 2008 U.S. Dist. LEXIS 86632, at *3 (E.D. Tenn. Oct. 23, 2008). *See also Gray v. United States*, No. 95-1885, 1996 U.S. App. LEXIS 12160, at *2-3 (6th Cir. Apr. 4, 1996); *United States v. Leggett*, No. 92-4269, 1994 U.S. App. LEXIS 10218, at *4-5 (6th Cir. May 5, 1994); *Bishop v. United States*, No. 90-3345, 1990 U.S. App. LEXIS 17303, at *2 (6th Cir. Sept. 27, 1990); *Ruiz-Baldovinos v. United States*, No. 4:07-CV-59, 2008 U.S. Dist. LEXIS 3338, at * 2 (E.D. Tenn.

Jan. 15, 2008).  These decisions are consistent with the Advisory Committee Notes to the Rules Governing Section 2255 Proceedings, which state that "[w]e are of the view that while there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal but the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances."  *Rules Governing § 2255 Proceedings for the United States District Courts, Rule 5, advisory committee note*.  Thus, since this court is unaware of any extraordinary circumstances in the instant case, this court declines to consider the merits of Dunnican's instant motion while his appeal is still pending with the Sixth Circuit.

**IV.  Conclusion**

For the foregoing reasons, Dunnican's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is dismissed without prejudice.

IT IS SO ORDERED.

*s/ Ann Aldrich*
Ann  Aldrich,  United  States  District  Judge

Date: **December 5, 2008**

-4-